IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILDERNESS HOTEL & RESORT, INC.,

                Plaintiff,

    v.

WILDERNESS RESORT VILLAS, LLC and
LAKESHORE PROPERTIES, INC.,

                Defendants.

OPINION AND ORDER

13-cv-548-bbc

---

      In this civil action, plaintiff Wilderness Hotel & Resort, Inc. contends that defendants Wilderness Resort Villas, LLC and Lakeshore Properties, Inc. infringed its trademarks in violation of 15 U.S.C. §§ 1051-1127 and state common law. Before the court is defendants' motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and for lack of personal jurisdiction under Rule 12(b)(2). Dkt. #9. Defendants are Minnesota residents, who contend that they do not have sufficient contacts with the state of Wisconsin to satisfy the personal jurisdiction requirements of Wisconsin's long-arm statute and the Fourteenth Amendment's due process clause. I agree. Although defendants placed advertisements for their resort in two Minnesota newspapers that were for sale in Wisconsin, plaintiff has not produced sufficient evidence to show that the advertisements appeared in Wisconsin. Accordingly, I am granting defendants' motion to dismiss for lack of personal jurisdiction. As a result, it is unnecessary to reach defendants' arguments related to venue.

From the complaint and the documents submitted by the parties in connection with the pending motion to dismiss, I draw the following facts, solely for the purpose of deciding the motion.

FACTS

A. The Parties

Plaintiff Wilderness Resort develops and operates large vacation resort complexes premised on a wilderness theme. Plaintiff's first resort—the Wilderness Resort—is located in the Wisconsin Dells, Wisconsin and includes more than 1,100 guest rooms, including numerous vacation villas, condominiums and cabins located on more than 600 wooded acres in central Wisconsin. Plaintiff has received a number of federal registrations for its marks from the United States Patent and Trademark Office, including "Wilderness Resort," "Wilderness Hotel & Golf Resort" and "Wilderness on the Lake." Since 1995, millions of guests have stayed at plaintiff's facility bearing the marks or visited there, and plaintiff has spent millions of dollars promoting its products and services bearing the marks.

Defendants Wilderness Resort Villas, LLC is a citizen of Minnesota and operates a resort known as either the "Wilderness Resort Villas" and "Wilderness Point Resort" in Pequot Lakes, Minnesota, which is approximately 123 miles from the Wisconsin border. Defendant Lakeshore Properties, Inc. is a Minnesota corporation owned by Thomas Steffens that serves as the employer for people working at the resort. Both defendants have business offices located in Edina, Minnesota, which is fewer than 35 miles from the Wisconsin

border. Guests at the resort can rent vacation cabins or villas that are owned by individuals, none of whom are Wisconsin residents.

### B. Defendants' Contacts with Wisconsin

During the past three years, Steffens occasionally placed advertisements for the resort in the Minneapolis Star Tribune and the St. Paul Pioneer Press. Steffens testified that he did not know where the Minneapoilis papers were distributed, but Wisconsin Resort Villas has not contracted with any Wisconsin business that advertises in Wisconsin. Plaintiff's attorney, Eric Hatchell, avers that he "personally observed both the Minneapolis Star Tribune and St. Paul Pioneer Press being distributed and sold at a convenience store in Hudson, Wisconsin." Dkt. #24 at ¶ 8. The color advertisements used by defendants in the Minnesota newspapers display the "Wilderness Resort" mark that gives rise to plaintiff's infringement allegations in this case.

Defendants' resort has had at least 38 guests from Wisconsin. Phone logs produced by defendants show that they made or received more than 170 calls to and from the State of Wisconsin since 2008.

## OPINION

### A. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction (in this case, plaintiff)

to make a prima facie showing supporting that assertion. Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). In deciding defendants' dismissal motion, this court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiff's favor all disputes concerning relevant facts presented in the record. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (quoting Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983)). See also Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010) (quoting same).

A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits, Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986), unless the federal statute at issue permits nationwide service or the defendant is not subject to personal jurisdiction in any state in the United States, Fed. R. Civ. P. 4(k)(1); Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201-02 (7th Cir. 1997). Because the parties do not assert that either exception applies in this case, the issue is whether there is personal jurisdiction over defendants under Wisconsin law.

In Wisconsin, this is a two-step inquiry. First, the court must determine whether the defendants fall within the grasp of Wisconsin's long-arm statute, Wis. Stat. § 801.05. Logan Products, Inc. v. Optibase, Inc., 103 F.3d 49, 52 (7th Cir. 1996); Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667-68 (Wis. 2001). The Wisconsin Supreme Court has determined that the long-arm statute "is to be liberally construed in favor of the exercise of jurisdiction." Federated Rural Electric Insurance Corp. v. Inland

Power & Light Co., 18 F.3d 389, 391 (7th Cir. 1994) (citing Schroeder v. Raich, 89 Wis. 2d 588, 593, 278 N.W.2d 871 (1979)).  This statute enumerates several different grounds for personal jurisdiction.  Lincoln v. Seawright, 104 Wis. 2d 4, 9, 310 N.W.2d 596, 599 (Wis. 1981).  In this case, plaintiff contends that this court has personal jurisdiction over defendants under the following two provisions of § 801.05 related to specific jurisdiction:

> **(3)   Local act or omission.**  In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.
>
> **(4)   Local injury; foreign act.**  In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury . . .
>
> (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant.

A defendant engages in "solicitation activities" when it solicits business in Wisconsin with the expectation of financial benefit.  Federated, 18 F.3d at 393; Koss Corp. v. Max Sound Corp., 2013 WL 1819684, *1 (E.D. Wis. Apr. 28, 2013).

If the statutory requirements are satisfied, then the court must consider whether the exercise of jurisdiction over each defendant comports with due process requirements of the Fourteenth Amendment of the United States Constitution.  Logan Products, 103 F.3d at 52.  There are three essential requirements in this analysis:  (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); (2) the alleged injury must have arisen from the defendant's forum-related activities, id.; and (3) the exercise of jurisdiction must comport with traditional notions of

5

fair play and substantial justice, International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The crucial inquiry is whether a defendant's contacts with the state are such that it should reasonably anticipate being haled into court. International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 846 (7th Cir. 2002) (citing Burger King, 471 U.S. at 474).

Plaintiff's primary argument for personal jurisdiction is that defendants placed an allegedly infringing mark in advertisements appearing in two Minnesota newspapers sometime during the past three years. However, in order to establish personal jurisdiction under §§ 801.05(3) and (4)(a), plaintiff must show that defendants either committed an act of trademark infringement or solicited business within the state of Wisconsin. In this case, there is no evidence that defendants' advertisements ever targeted Wisconsin residents. Although plaintiff's attorney avers that he has seen the Minnesota newspapers for sale in Hudson, Wisconsin, plaintiff has alleged no facts from which the court can infer that defendants' advertisements ever appeared in Wisconsin or that the newspapers were widely or regularly distributed in Wisconsin during the period when the advertisements were run.

Plaintiff points out that Wisconsin courts have found that a defendant's print advertisements in publications distributed in the forum state can constitute a solicitation activity under § 801.05(4)(a). See, e.g., Fields v. Peyer, 75 Wis. 2d 644, 650, 250 N.W.2d 311, 314-15 (1977) (personal jurisdiction established where 25 car advertisements appeared in national magazines during relevant time period, magazines were widely distributed in Wisconsin and advertisements listed toll-free numbers designed to invite potential customers

6

to call nearest dealer). However, in those cases, there was evidence that the publications in which the advertisements appeared were widely distributed in the state. Further, the Wisconsin legislature contemplated that to satisfy § 801.05(4)(a), a defendant or its representative must be engaged in regular, ongoing or repetitive activities in Wisconsin. Housing Horizons, LLC v. Alexander Co., 2000 WI App 9, ¶¶ 12-14, 232 Wis. 2d 178, 188, 606 N.W.2d 263, 267. Defendants' placement of occasional advertisements in Minnesota newspapers that may have crossed the border into Wisconsin is not sufficient to show that defendants conducted regular or ongoing solicitation activity in this state.

Such vague evidence also is insufficient to show that defendants purposefully availed themselves of the privilege of doing business in Wisconsin, as required under the due process clause. Burger King, 471 U.S. at 475. "The purposeful availment requirement is designed to prevent defendants from being hailed into court solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts with the forum state." Logan Products, Inc. v. Optibase, Inc., 103 F.3d 49, 52-53 (7th Cir. 1996) (quoting Burger King, 471 U.S. at 475 and Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)). Even considering the overall relationship among defendants, Wisconsin and this litigation (including defendants' 38 Wisconsin guests and phone calls to and from the state),I cannot conclude that defendants "clearly signaled intent to do business" in Wisconsin. Logan Products, 103 F.3d at 53 (applying same analysis but finding that defendant intentionally served Wisconsin market by advertising in trade magazines circulated in Wisconsin, mailing newsletters to 144 residents, selling products to 12 residents, contracting with Wisconsin distributor and

conducting dealer training in Wisconsin). See also uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 427 (7th Cir. 2010) (finding minimum contacts necessary under due process clause where defendant "thoroughly, deliberately, and successfully exploited the Illinois market" and "successfully reached Illinois consumers").

Because I have found that this court lacks personal jurisdiction over defendants, it is unnecessary to address defendants' argument with respect to venue.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Wilderness Resort Villas, LLC and Lakeshore Properties, Inc., dkt. #9, is GRANTED.

Entered this 10th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge